## RICHARD FREER v. EDWARD D. WHITE.

*Attachment—Defective affidavit—Amendment—General appearance—Waiver.*

1. There is no statute now in force permitting amendments to attachment affidavits, and such amendments have never been deemed admissible under the statute of amendments (How. Stat. § 7631), which provides that "the court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice."

2. The omission of the word "not" from the statutory averment that the defendant is a non-resident, and has *not* resided in this State for one month next preceding the date of the affidavit, renders the affidavit a nullity.

3. Where, after the denial of a motion to quash attachment proceedings in justice's court because of a fatal defect in the affidavit, the defendant, who had appeared specially for the purposes of the motion, removes the case to the circuit court by special appeal, assigning as error such refusal, the entry by his attorney of his appearance in the circuit court will not be treated as a submission to the jurisdiction of the court.

Error to Barry. (Hooker, J.) Argued March 9, 1892. Decided March 18, 1892.

Attachment suit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles G. Holbrook* and *Alonzo D. Cadwallader,* for appellant, contended:

1. An affidavit in attachment can be amended, or a new one made, and in either case the writ will not be quashed; citing *Drew v. Dequindre,* 2 Doug. 93, 95; which decision was based on Act No. 115, § 36, Laws of 1839, the principle of which statute was embodied in the general amendment statute, found in the Revised Statutes of 1846, and now standing as How. Stat. §

7631, which statute has been liberally construed; citing *Long v. Circuit Judge*, 27 Mich. 164; *Lyman v. Becannon*, 29 Id. 467; *Van Middlesworth v. Van Middlesworth*, 32 Id. 187; *Browne v. Moore*, Id. 256; *Hopkins v. Briggs*, 41 Id. 175; *Green v. Kindy*, 43 Id. 281; *Collins v. Beecher*, 45 Id. 438; *Cummin v. Wilcox*, 47 Id. 501; *Chapman v. Colby*, Id. 52; *Graham v. Langston*, 65 Id. 45; *Beecher v. Circuit Judges*, 70 Id. 367; and this statute applies to attachment as well as other suits; citing *Barber v. Smith*, 41 Mich. 144, 145.

2. The entry of a general appearance by defendant's attorney cured the defect; citing *Stone v. Welling*, 14 Mich. 524; and, when parties are in court, they cannot object to the manner in which they were brought in; citing *Manhard v. Schott*, 37 Mich. 234; *Hart v. Blake*, 31 Id. 278; *Pardee v. Smith*, 27 Id. 33, 38; and mere irregularities cannot be considered on special appeal; citing *Deitz v. Groesbeck*, 32 Mich. 303.

*James A. Sweezey*, for defendant, contended:

1. The statutory affidavit is essential to confer jurisdiction; citing *Greenvault v. Bank*, 2 Doug. 498; *Hale v. Chandler*, 3 Mich. 531; *Wilson v. Arnold*, 5 Id. 98; *Mathews v. Densmore*, 43 Id. 465; *People v. Blanchard*, 61 Id. 479; *Borland v. Kingsbury*, 65 Id. 59; and substantial defects in affidavits and bonds in attachment are not amendable; citing *Engine Co. v. Hall*, 22 Fla. 391; 3 Gen. Dig. U. S. 115.

2. Defendant appeared in justice's court for the purpose of moving to dismiss the proceeding for jurisdictional defects, and in the circuit, only to follow up the motion denied below, and has never pleaded to the merits of the case; citing *Maxwell v. Deens*, 46 Mich. 37; *Michels v. Stork*, 44 Id. 2.

MONTGOMERY, J. The plaintiff commenced a suit by attachment in justice's court. There was no personal service. The defendant appeared specially, and moved to dismiss on the ground that the affidavit upon which the writ issued was fatally defective. The ground for attachment, as stated in the affidavit, was—

"That the said Edward D. White is not a resident of this State, and has resided in this State for one month next immediately preceding this date, as this deponent verily believes and as he has good reason to believe, and as he very well knows."

The justice refused to dismiss the suit, and permitted the plaintiff to amend the affidavit, which was done by inserting the word "not" before the word "resided." The affiant was not resworn. The defendant removed the case to the circuit court by special appeal, and the circuit court reversed the ruling of the justice, held the affidavit a nullity, and dismissed the suit. From this ruling the plaintiff appeals.

The averment in the affidavit, " The defendant has not resided in his State for one month before suit," is jurisdictional, and must be so stated that perjury may be predicated upon it if false. There is no statute now in force permitting amendments to attachment affidavits, and such amendments have never been deemed admissible under the general statutes, § 7631, which provides that "the court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice." The following cases sustain the ruling of the circuit judge: *Slaughter v. Bevans,* 1 Pin. 348; *Winters v. Pearson,* 72 Cal. 553 (14 Pac. Rep. 304); *Claflin v. Hoover,* 20 Mo. App. 314; *Engine Co. v. Hall,* 22 Fla. 391.

After the special appeal was taken to the circuit court, defendant's attorney, Mr. Sweezey, caused his appearance to be entered in that court, and it is claimed that this was a waiver of the defect, and conferred jurisdiction upon the court to proceed with the case. But when it is considered in connection with the special appeal, it would be persuming against the fact to assume that there was any intention on the part of the defendant to submit himself to the jurisdiction of the court. In the case of *Michels v. Stork,* 44 Mich. 2, the defendant appeared generally on the return-day in the case, and at the same

time moved to dismiss the writ because no proper service was shown by the return. The Court held that this was not such an appearance as would give the justice jurisdiction. The Court say:

"A justice of the peace may acquire jurisdiction over the person, either on a return showing proper service of the writ, or on the voluntary appearance of the defendant. But where the defendant appears and objects to the jurisdiction because no proper service of the writ appears to have been made, we do not see how this can be considered as a submission to the jurisdiction. It has been assumed that the defendant must declare that he appears specially for the purpose of making his motion or objection, and for no other purpose, or that jurisdiction will be conferred because of his general appearance. No doubt a general appearance would confer jurisdiction, but the appearance and objection then made should be considered together; and, so considered, the objection or motion made limits and explains the appearance, and clearly indicates an intention not to confer a jurisdiction where one is wanting. This, to my mind, is the more reasonable and sensible doctrine, does away with needless technicality, and certainly injures no one, while it promotes justice, and prevents a grasping at shadows."

The judgment will be affirmed, with costs.

McGRATH, LONG, and GRANT, JJ., concurred. MORSE, C. J., did not sit.