## CHURCHILL *v.* REA.

REPLEVIN—AFFIDAVIT—CLERICAL ERROR.

> \* A clerical error in an affidavit for writ of replevin, substituting in one place the names of the defendants for the plaintiffs, will not vitiate the affidavit, where the error is manifest upon its face.

Error to Alpena; Kelley, J. Submitted February 1, 1901. Decided March 26, 1901.

Replevin by Worthy L. Churchill and Hobart D. Churchill against Robert Rea and the Detroit & Mackinac Railway Company. From a judgment for plaintiffs, defendant Rea brings error. Affirmed.

*O'Brien & Francis*, for appellant.

*L. G. Dafoe*, for appellees.

GRANT, J. This action of replevin for 89 logs was commenced in justice's court. The logs were the property of the plaintiffs, were taken by defendant Rea, and shipped by defendant railway company, which had no other interest in them than that of carrier. They were in the actual possession of the railway. The affidavit stated that the logs were the property of plaintiffs, and were unlawfully detained from their possession by the defendants, naming them. The affidavit then stated that "said Detroit & Mackinac Railway Company and Robert Rea are now lawfully entitled to the possession of said goods and chattels." The railway company appeared and defended. Mr. Rea's counsel advised him that the court had no jurisdiction, and not to appear. After rendition of judgment he obtained the writ of *certiorari* to the circuit court, and, being defeated there, has brought the case to this court.

---

\* Head-note by GRANT, J.

The case is easily distinguished from that of *Freer* v. *White*, 91 Mich. 74 (51 N. W. 807), which is not cited by counsel, and we therefore presume that they do not rely upon it. That was an attachment suit, in which the affidavit stated that the defendant "is not a resident of this State, and has resided in this State for one month next immediately preceding this date." The two statements were not necessarily inconsistent, because defendant might be a nonresident, and still have temporarily resided in the State for a month. In the present case the affidavit expressly states that the property was unlawfully detained from the plaintiffs' possession by the defendants. Had the affidavit stopped there, it would have been sufficient, although not in the exact words of the statute; for it alleged that the property described was that of the plaintiffs, and by clear implication that they were entitled to it, and that it was unlawfully detained from their possession.

Judgment is affirmed.

The other Justices concurred.