## RAY L. LACEY v. DULUTH, MISSABE & IRON RANGE RAILWAY COMPANY.[1]

February 21, 1952.

No. 35,746.

W. O. Bissonett, for appellant.

Alfred J. Weinberg, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to recover the reasonable value of labor and material furnished defendant by plaintiff in certain well-drilling operations

[1]Reported in 51 N. W. (2d) 831.

near Isabella. Attached to the complaint was a bill setting forth the hours for the labor and equipment thus furnished. This comprised 700 hours between December 30, 1947, and October 26, 1948, which plaintiff alleged was reasonably worth $12 per hour, or a total of $8,400. It also included an itemized list of material furnished by plaintiff in the project and set forth the reasonable value thereof at $907.17, making the total amount claimed in the action $9,307.17, plus interest.

Defendant denied that such amount was due and alleged that the labor and material were furnished by plaintiff pursuant to a written contract between the parties under which plaintiff was to receive the cost of his labor and material plus 15 percent and, in addition, a sum equal to the reasonable rental value of the equipment furnished by him, and that plaintiff had failed to comply with defendant's demand for a bill of particulars so that defendant might compute the exact amount due under the contract.

The trial court made findings that the agreement between the parties was evidenced by certain correspondence between them, which provided for payment on a "cost plus 15 per cent" basis plus the reasonable rental value of equipment furnished; that between December 29, 1947, and April 29, 1948, plaintiff had expended 400 hours on the project and between August 20, 1948, and October 26, 1948, an additional 300 hours thereon; that the necessary cost to plaintiff of the labor and material furnished therein was the sum of $2,758.29, which, with 15 percent added thereto, made the total due plaintiff therefor the sum of $3,172.03; that the reasonable rental value of the equipment furnished for the 700 hours above specified was the sum of $3,955; and that, accordingly, the sum of $7,127.03 became due plaintiff from defendant on October 26, 1948, the date of the completion of the well-drilling operation. Judgment was ordered for this sum plus interest at six percent from the latter date. This is an appeal from the judgment.

On appeal defendant asserts (1) that, since the evidence establishes that on April 29, 1948, plaintiff had abandoned all operations under the agreement, he should not be paid for the 400 hours

expended prior thereto on the same basis as for the 300 hours expended thereafter, at the conclusion of which he had completed the operation, contending that for the prior period the court should have found that the reasonable value per hour was two-thirds of the $5.65 per hour which the court applied to the entire hours expended; and (2) that, because of plaintiff's failure to comply with defendant's demand for a bill of particulars or otherwise to furnish evidence of his cost prior to the trial, defendant should be required to pay interest only from the date of trial.

The record discloses that plaintiff, a well driller operating out of Duluth, was solicited by defendant to bring in a well near defendant's right of way at Isabella. Plaintiff agreed to undertake the project and commenced operations during December 1947. He furnished all tools and equipment in connection therewith. In a letter dated January 27, 1948, defendant proposed that plaintiff be paid on a "cost plus 15 per cent" basis "plus the rental of your equipment." Plaintiff accepted this proposal in a letter signed by him dated February 27, 1948.

Both parties to the agreement were aware of the fact that the area in which the drilling operation was to take place, because of the terrain and geological formation, was not conducive to successful well-drilling operations. After three unsuccessful attempts to bring in water, plaintiff abandoned the operation on April 29, 1948. Upon defendant's insistence, he resumed it on August 20, 1948, and by October 26, 1948, had completed a well. On December 3, 1948, he presented his statement to defendant for the completed project. Therein he itemized the cost of the material used, but combined the charge for labor and equipment in a lump sum. Defendant refused payment on the ground that the charge for labor and equipment was unreasonable and not in conformity with contract provisions.

▪ The record amply sustains the trial court's finding as to the reasonable rental value of the equipment furnished by plaintiff under the contract. It establishes that according to practice in the well-drilling trade contracts for wells are usually entered into on either a footage or lump-sum basis, making it difficult for an

expert to express an opinion as to the reasonable rental value of equipment alone. At the trial, most of the experts who testified based their respective opinions of value on either the usual footage basis or on an hourly basis for both men and equipment. For a project such as was here involved, they gave varying opinions as to the rental value of the equipment, ranging between $5.50 per hour and $12 per hour. Defendant supports its contention that only two-thirds of the rental value allowed by the court should have been charged for the first 400 hours by the testimony of one of its witnesses, a well driller, to the effect that he would have accepted two-thirds of the usual footage in a comparable situation. The record does not establish that such a reduction was the usual custom or practice in the trade. The same witness testified definitely that the reasonable value of the rig and equipment furnished was between six and eight dollars per hour.

It has often been held that a market valuation determined by the fact finders will be sustained if it falls within the limits of estimates thereof set by various expert witnesses, or other evidence submitted on the issue, and if it is otherwise reasonably supported by the evidence as a whole, even though it does not coincide exactly with the figure of any particular witness. Lovrenchich v. Collins, 233 Minn. 183, 46 N. W. (2d) 264; Knutson v. Lasher, 219 Minn. 594, 18 N. W. (2d) 688; Manemann v. West, 216 Minn. 516, 13 N. W. (2d) 474. The trial court's finding of $5.65 per hour as the reasonable rental value for the equipment furnished is well within the limits established by the experts submitted by both parties and hence must be sustained.

■ There is left for consideration the question whether the court erred in allowing interest from the date of completion of the well, or whether it should have been computed only from the date of trial with reference to reasonable rental value. It is well established that interest may be proper in cases where the demand is unliquidated, provided it is ascertainable by computation or reference to generally recognized standards such as market value and does

not depend upon any contingency. Grand Forks Lbr. Co. v. Mc-Clure Logging Co. 103 Minn. 471, 115 N. W. 406; Swanson v. Andrus, 83 Minn. 505, 86 N. W. 465; 5 Corbin, Contracts, § 1048, p. 251.

In conformity with this principle, a bona fide dispute as to the amount of a claim should not bar the accrual of interest thereon. McCornack v. Sharples, 254 Pa. 541, 99 A. 155. Where interest is considered solely in the light of compensation for the use by one of another's funds, it should be more readily awarded. Miller v. Robertson, 266 U. S. 243, 257, 45 S. Ct. 73, 78, 69 L. ed. 265, 275.

Plaintiff's original demand of December 3, 1948, itemized the cost of the material used but lumped the amount claimed for labor and rental value of the equipment. While the payment provisions of the contract were not those usually followed in the trade, the evidence indicates that the reasonable value of the labor and equipment could have been determined. The difference between the amount claimed, $9,307.17, and the amount finally determined, $7,127.03, does not appear to be so unreasonable as to justify a complete denial of interest upon the latter amount, particularly when it is recalled that many of the experts, including those submitted by defendant, gave a rental value much higher than that determined by the court. The dispute did not center upon defendant's ultimate liability for payment, but rather as to the total amount claimed. Under such circumstances, the court's allowance of interest upon the amount determined to be due from and after the completion of the project was not unjust or contrary to the principles above set forth.

Affirmed.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.