**OLIVER-ELECTRICAL MANUFACTURING CO., Plaintiff,**

v.

**I. O. TEIGEN CONSTRUCTION CO., Defendant.**

4–57–Civ–7

United States District Court
D. Minnesota,
Fourth Division.

May 26, 1960.

Vennum, Newhall, Ackman & Goetz, by L. V. Ackman, Minneapolis, Minn., for plaintiff.

Youngquist, Comaford, Danforth, Fassett & Clarkson, by Keith D. Kennedy, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

Both parties have moved to amend the findings of fact and conclusions of law filed by the Court. The memorandum is reported at D.C.Minn.1959, 177 F.Supp. 572.

I have examined all of the contentions of both parties. I am not certain of the legal authority for my action in awarding the defendant interest as part of its damages. The Court's conclusions of law allowed the plaintiff interest on its claim from December 1, 1956 to the date of entry of judgment, February 17, 1960. The defendant was allowed interest on its counterclaim from September 24, 1956

to February 17, 1960. The total judgment for defendant was thus $1,662.19, consisting of $333.85 in interest and $1,328.34 as the difference between the plaintiff's claim of $5,462.96 and the defendant's counterclaim of $6,790.30.

The defendant's counterclaim sought unliquidated damages. As to such claims, the general rule is that interest is not allowed as a part of the damages because the party liable cannot establish the amount of his liability and therefore should not be held in default for nonpayment. 15 Am.Jur., Damages § 161 (1938); see 25 C.J.S. Damages § 52 (1941). But an exception to this rule exists when the damages, even though unliquidated, do not depend on any contingencies and are ascertainable by computation or by reference to some generally recognized standard such as market value. This rule is discussed by the Minnesota Supreme Court in Swanson v. Andrus, 1901, 83 Minn. 505, 85 N.W. 465, 467. See also, Lacey v. Duluth, M. & I. Ry., 1952, 236 Minn. 104, 51 N.W.2d 831. Applying this rule to the present case, it is debatable whether the recovery of costs incurred during the delay period was by reference to a generally recognized standard, and whether the plaintiff's claim for the additional costs of winter construction did not cause the damages to remain contingent until decided by trial. At all events, there is authority that an award of interest in a case such as this may be allowed in the sound discretion of the trier of fact as a matter of just compensation. I rest my award of interest on this basis. Robberson Steel Co. v. Harrell, 10 Cir., 1949, 177 F.2d 12, 17; Grand Trunk Western R. R. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823, 841–842, rehearing denied 6 Cir., 1941, 118 F.2d 252; Restatement, Contracts § 337 (1932).

I have considered all other contentions made by both parties, and conclude that they are without merit, are not worthy of comment, or have been adequately discussed in the previous memorandum.

The motions are denied.