Joe **LEONI, d.b.a. Power-O-Peat Company, Appellant,**

v.

**BEMIS COMPANY, INC., d.b.a. Cello Vision, Respondent.**

No. 46354.

Supreme Court of Minnesota.

June 17, 1977.

Trenti, Saxhaug, Berger, Carey & Roche, and Tom H. Carey, Virginia, for appellant.

Donovan, McCarthy, Crassweller, Larson, Barnes & Magie, and Charles T. Barnes, Duluth, for respondent.

Heard before ROGOSHESKE, PETERSON, and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Plaintiff, Joe Leoni, d. b. a. Power-O-Peat Company, has been engaged since 1958 in the business of producing peat moss which is packaged and sold on a "national scale."[1] In 1971, plaintiff commenced marketing his product, packaged in plastic bags, in California. Between February 1971 and March 1972, plaintiff's gross sales of peat moss in California amounted to something less than $16,397.05. This action for breach of contract arises out of losses sustained by plaintiff as a result of defective bags supplied by defendant, Bemis Company, Inc., for use in these initial California sales. The defect of the bags was the absence of an ultraviolet ray inhibitor in the plastic, without which the bags disintegrated when stored outdoors in the California sun. After the problem with the bags, plaintiff was unable to sell his product in California. The jury awarded him damages of $75,500.

The trial court granted defendant's post-trial motion for a new trial for "errors of law occurring at the trial," Rule 59.01(6), Rules of Civil Procedure. The court ruled that it had erred in permitting the jury to award damages for loss of future profits because plaintiff's business was not an established one in California. The court conditioned its grant of a new trial on plaintiff's nonacceptance of a remittitur of all but $21,899.30 for the damage award.[2]

---

1. The precise extent of this national market is not detailed in the record. Apparently it included about three-fourths of the United States, including the western states other than the so-called "sun country" states of the southwest.

2. The court found that the evidence did support an award of $2,400 for 16,000 defective bags; $4,500 for promotion of the California market; $3,000 to salvage the market after the breach; $7,499.30 for loss of profits on the initial California contracts breached by plaintiff because

Plaintiff appeals from the order granting a new trial, and seeks reinstatement of the verdict or a new trial at which he would be allowed to prove loss of prospective profits.

The parties have cast the issues in the narrow terms of whether plaintiff's business in California was an established one, rather than in broader terms of whether damages were proved with reasonable certainty. The trial court had permitted the jury to consider such loss of future profits but on post-trial reflection concluded that it erred as a matter of law inasmuch as it was not an established business. The court reasoned:

> "Plaintiff contends that since his business doubled or tripled during the period in question outside of California, it would be reasonable to conclude that the same would apply in California. As a starting figure he would take his total initial sales of $16,397.05 in 1972. Had there been an established business prior to 1972, this court would have no difficulty in allowing the jury to consider the triple increase in the national market and applying it to the California market. There could be no established business by reason of the 1972 sales alone since they all aborted."

■ We have adopted no *per se* rule that only an "established business" can recover damages for loss of prospective profits. The controlling principle governing actions for damages is that "damages which are speculative, remote, or conjectural are not recoverable." *Hornblower & Weeks-Hemphill Noyes v. Lazere,* 301 Minn. 462, 467, 222 N.W.2d 799, 803 (1974). The law does not require mathematical precision in proof of loss, but only proof to a "reasonable, although not necessarily absolute, certainty." *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.,* 297 Minn. 118, 125, 211 N.W.2d 159, 166 (1973). Once the fact of loss has been shown, the difficulty

of proving its amount will not preclude recovery so long as there is proof of a reasonable basis upon which to approximate the amount. *Northern States Power Co. v. Lyon Food Products, Inc.,* 304 Minn. 196, 229 N.W.2d 521 (1975). Minn.St. 336.2–715(2) has not changed these rules with regard to the quantum of proof necessary to sustain an award of consequential damages.

■ Consistent with these principles, we have recognized the general rule that " * * proof of loss of profits in a new business is too speculative to be the basis for recovery." *Village of Elbow Lake v. Otter Tail Power Co.,* 281 Minn. 43, 46, 160 N.W.2d 571, 574 (1968). This general rule derives from the fact that, lacking a history of profits, new businesses rarely have evidence upon which an award of damages may be based with the requisite degree of certainty. McCormick, Damages, § 29, p. 107. Although the law recognizes that it is more difficult to prove loss of prospective profits to a new business than to an established one, the law does not hold that it may not be done.

■ We hold that plaintiff proved a loss of future profits with sufficient certainty. The jury properly considered plaintiff's undisputed testimony that between February 1971 and March 1972 he had gross sales in California totaling something less than $16,-397.05;[3] that his average profit margin nationally was 40 percent; and that in the 3 years between defendant's breach and trial, plaintiff's profits outside of California doubled or tripled. Defendant agrees that plaintiff established that his profits elsewhere increased 300 percent. This evidence constitutes proof of a reasonable basis upon which the jury could approximate an amount of damages. Cf., *Smith Development Corp. v. Bilow Enterprises, Inc.,* 112

---

of the defective bags; and $4,500 for failure to return or damage to the plates owned by plaintiff and used by defendant to print plaintiff's name on the bags. Defendant does not dispute the propriety of the elements of damages included in the award of $21,899.30.

3. The $16,397.05 amount represents the gross sales on a total of nine carloads of peat moss, some of which was shipped to Arizona, the rest of which was shipped to California. No problem developed with the bags shipped to Arizona and defendant continued to sell there.

R.I. 203, 308 A.2d 477 (1973) (damages for loss of profits due to delay in construction of new McDonald's restaurant).

The order of the trial court granting defendant's motion for a new trial having been made solely on the ground that, because plaintiff's business was not an established one, it was an error of law to have permitted the jury to consider the otherwise unchallenged evidence of lost future profits, is reversed and the case is remanded with instructions to reinstate the jury's verdict.

Reversed and remanded with instructions.