Jack GAND, d.b.a. Jack Gand and Sons
Excavators, Respondent,

v.

JAY BROTHERS, INC., Appellant.

Nos. C9–84–1821, C6–84–2179.

Court of Appeals of Minnesota.

May 14, 1985.

Vincent W. King, St. Paul, for appellant.

Robert E. McGarry, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The trial court found for plaintiff-respondent Gand on his claims for breach of contract and for bad faith attorney's fees and denied defendant-appellant Jay Brothers, Inc.'s counterclaims. Jay Brothers, Inc. appeals from the judgment and contests the trial court's findings of fact and conclu-

sions of law. We affirm in part, reverse in part and modify.

## FACTS

Appellant Jay Brothers, Inc. contracted with respondent Jack Gand in December of 1982 for Gand to provide sanding and salting services with his dump truck. The parties dispute the rate of compensation and the number of hours of performed work. After the work was completed, Gand submitted a bill to Jay Brothers and Jay Brothers refused to pay.

After Gand served a summons and complaint, Jay Brothers answered and counterclaimed alleging that Gand failed to pay for certain welding services provided by Jay Brothers. Both parties filed notices of bad faith pursuant to Minn.Stat. § 549.21 (1982).

Trial was to the court. In its findings of fact and conclusions of law, the court found that Gand was entitled to the full amount of $3,022.50 demanded in his complaint. The court also held that Jay Brothers acted in bad faith within the meaning of Minn.Stat. § 549.21 and ordered entry of judgment for Gand's attorney's fees in the sum of $1,000. The court further held that Gand was entitled to pre-judgment interest upon the full amount of his claim from the date he completed his work, January 6, 1983. Jay Brothers was awarded nothing on its counterclaim.

Jay Brothers moved the trial court for a new trial or amended findings, conclusions and order. On August 24, 1984, the court denied Jay Brothers' motion in all matters and judgment was entered on September 18, 1984.

## ISSUES

1. Are the trial court's findings regarding the quantity and price of Jack Gand's services sustained by the evidence?

2. Is the trial court's holding that Jay Brothers is entitled to nothing on its counterclaim for welding services contrary to the evidence?

3. Is the court's award of pre-judgment interest to Gand from January 6, 1983 contrary to the evidence and to the law?

4. Is the trial court's assessment of attorney's fees against Jay Brothers, pursuant to Minn.Stat. § 549.21, contrary to law?

## ANALYSIS

### 1. *Trial court findings.*

Both parties submitted evidence at trial on the value of Gand's services. Gand testified that the parties agreed to a payment rate of $45.00 per hour plus $12.50 per hour for the use of certain equipment. He presented evidence that he performed 43 hours of labor in sanding as well as 12½ hours in other tasks charged out at an uncontested $55.00 per hour. Witnesses for Jay Brothers concurred that they agreed to sanding compensation at $45.00 per hour but stated that their records indicated that Gand performed only 22½ hours of sanding and 4 hours of the other tasks billed at $55.00 per hour.

On appeal, the burden is upon the appellant to show that there is no substantial evidence reasonably tending to sustain the trial court findings. *Nielsen v. City of St. Paul,* 252 Minn. 12, 29, 88 N.W.2d 853, 864 (1958).

■ Evidence submitted by Gand supports the findings and conclusions of the trial court. For an appellate court to reverse the findings of fact of a trial court, the findings must be clearly erroneous in the sense that they are manifestly contrary to the evidence or not reasonably supported by the evidence as a whole. *Preferred Risk Mutual Insurance Co. v. Anderson,* 277 Minn. 342, 344, 152 N.W.2d 476, 479 (1967); Minn.R.Civ.P. for Municipal Courts 52.01. Further, the evidence on appeal is to be viewed in a light most favorable to the prevailing party. *Theisen's, Inc. v. Red Owl Stores, Inc.,* 309 Minn. 60, 66, 243 N.W.2d 145, 149 (1976). It is for the trial court to determine the weight and credit to be given to the testimony of the witnesses when testimony is in conflict. *Dittrich v.*

*Brown County,* 215 Minn. 234, 237, 9 N.W.2d 510, 512 (1943).

■ Here, the trial court heard the evidence as the finder of fact and drew detailed findings on the work performed and the agreed rate of pay. Although the evidence was disputed, these findings were supported by the evidence and thus must be affirmed.

### 2. *Dismissal of Jay Brothers' Counterclaim.*

■ Jay Brothers was awarded nothing on its counterclaim for welding services provided to Gand. Although Gand admitted that welding services were supplied and that he did not pay for them, there was no testimony regarding an agreement between the parties or the value of the services provided. Because Jay Brothers failed to prove its counterclaim, the court was correct in dismissing it.

### 3. *Pre-judgment interest.*

■ The general rule in Minnesota permits a court to award pre-judgment interest in the case of a liquidated claim or where the claim is ascertainable by computation. *Lacey v. Duluth, Missabe & Iron Range Railway Co.,* 236 Minn. 104, 107–08, 51 N.W.2d 831, 834 (1952). Demand for payment of billings meets this test. *Jostens, Inc. v. CNA Insurance, Continental Casualty Co.,* 336 N.W.2d 544 (Minn.1983). Interest is not allowed in the case of an unliquidated claim because the defendant does not know what he owes until the verdict is reached. *See Moosbrugger v. McGraw-Edison Co.,* 284 Minn. 143, 160–61, 170 N.W.2d 72, 82–83 (1969).

■ In this case, the trial court awarded Gand pre-judgment interest on his entire claim from January 6, 1983, the date he completed the work. Jay Brothers admitted owing Gand $1,142.52 but disputed in good faith the additional amount the court found it owed to Gand. Although a bona fide dispute on the amount of the claim should not bar the accrual of interest on the claim, *Lacey,* 236 Minn. at 108, 51

N.W.2d at 834, interest may be assessed only from the date when Gand first supplied invoices to Jay Brothers, May 31, 1983. Until then Jay Brothers could not know the amount of the claim. We therefore modify the award of prejudgment interest to accrue from May 31, 1983 on the entire amount claimed by Jay Brothers and awarded by the court.

### 4. *Attorney's fees.*

In its findings of fact, the trial court found that Jay Brothers acted in bad faith within the meaning of Minn.Stat. § 549.21, "in failing to pay the amount due to the plaintiff for services rendered when billed...."

Minn.Stat. § 549.21 provides for the award of attorney's fees and other costs if a party or attorney "acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harrass; or committed a fraud upon the court." This section is expressly limited to those cases in which the court finds that the party or his attorney acted in bad faith with respect to the conduct of the actual litigation. *Minnesota-Iowa Television Co. v. Watonwan TV Association,* 294 N.W.2d 297, 311 (Minn.1980). Any bad faith by the parties in the conduct of the transaction which is the basis of this lawsuit is irrelevant to the award of attorney's fees under this section. *Id.*

There were no findings and there is no evidence that Jay Brothers or its counsel was guilty of any bad faith in the conduct of the litigation of this dispute. The order for attorney's fees must, therefore, be reversed.

### DECISION

We affirm the findings of fact drawn by the trial court on the amount owed to Gand by Jay Brothers and affirm the dismissal of Jay Brothers' counterclaim. The trial court erred when it awarded pre-judgment interest on the amount of the verdict from the date of the completion of the work. The judgment is modified to award interest on the entire amount of the debt from May 31, 1983. The finding of bad faith in not paying for services when billed does not support an order for bad faith attorney's fees under Minn.Stat. § 549.21.

Affirmed in part, reversed in part and modified.