**The VAULT, INC., Respondent,**

**v.**

**MICHAEL–NORTHWESTERN PARTNERSHIP, Appellant,**

**Honeywell, Inc., Defendant.**

**No. C6–85–488.**

Court of Appeals of Minnesota.

July 30, 1985.

Review Denied Sept. 13, 1985.

Stephen C. Davis, Katz, Lange, Davis & Manka, Ltd., Minneapolis, for respondent.

Robert M. Frisbee, Edina, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals from a judgment awarding damages to respondent for appellant's breach of a lease. Appellant claims the portion of the trial court's damage award covering increased rent costs is clearly erroneous. By notice of review, respondent claims the trial court erred by refusing to award damages for lost business. We affirm.

## FACTS

Respondent The Vault, Inc. sued appellant Michael-Northwestern Partnership for breaching a lease agreement. Appellant breached its lease agreement with respondent by refusing to allow respondent to occupy leased premises at 6400 France Avenue South, Edina, Minnesota. Appellant breached its lease because it found a tenant who was willing to rent the entire building. Respondent was then forced to find other space and eventually leased space at 7300 France Avenue South, Edina, Minnesota.

Respondent sought a variety of damages resulting from the breach. After a court trial, damages were awarded as follows:

| | |
|---|---|
| a. Increased lease costs over a 10-year term | $36,650 |
| b. Increased build-out costs | $16,474 |
| c. Increased steel costs | 2,350 |
| d. Loss of vault installation credit | 5,500 |
| e. Increased time of employees and for mileage | 10,850 |
| Total | $71,824 |

The $36,650 increased lease cost determination was based on respondent's Exhibit M. Exhibit M was prepared by respondent's vice president, Thomas Tyler. The exhibit contains projected lease costs under each of the two leases. Since each of the leases has a rent escalation clause based upon the consumer price index (CPI), Tyler's projections included an estimated increase in the CPI. Using an estimated CPI increase of 1% per month, Tyler determined increased rental costs at the 7400 France Avenue building would be $36,652.

Appellant did not object to the introduction of Exhibit M. Appellant later introduced copies of respondent's financial statements for fiscal years ending June 30, 1982 through June 30, 1984. Respondent's financial statements indicated the actual rent paid at the 7400 France Avenue building for the first three years was less than the amounts projected in Exhibit M.

Respondent also submitted testimony regarding lost business resulting from its inferior business location. Tyler and another witness testified The Vault suffered operating losses of $300,990 resulting from the breach of lease. The witnesses admitted their projections were based on guesses and possibly misestimated. The trial court denied respondent's claim for lost profits as speculative and conjectural.

## ISSUES

1. Was the trial court's determination of damages resulting from increased rent clearly erroneous?

2. Did the trial court properly deny respondent's claim for lost business?

## ANALYSIS

1. A trial court's finding of fact is given great deference.

[A] finding of the trial court is not to be disturbed unless clearly erroneous, either upon a clear demonstration that it is

without substantial evidentiary support or that it was induced by an erroneous view of the law.

*Ortendahl v. Bergmann,* 343 N.W.2d 309, 311 (Minn.Ct.App.1984). A determination of damages "usually should be left to the judgment of the trial court." *Olson v. Aretz,* 346 N.W.2d 178, 183 (Minn.Ct.App. 1984), *pet. for rev. denied,* (Minn. Oct. 30, 1984).

The principles governing the determination of damages in Minnesota are well-established:

> The controlling principle governing actions for damages is that "damages which are speculative, remote, or conjectural are not recoverable." The law does not require mathematical precision in proof of loss, but only proof to a "reasonable, although not necessarily absolute, certainty." Once the fact of loss has been shown, the difficulty of proving its amount will not preclude recovery so long as there is proof of a reasonable basis upon which to approximate the amount.

*Leoni v. Bemis Company, Inc.,* 255 N.W.2d 824, 826 (Minn.1977) (citations omitted); *see also Bonhiver v. Graff,* 311 Minn. 111, 132, 248 N.W.2d 291, 304 (1976).

■ 2. Appellant claims the proof of damages in this matter were nothing more than "sheer speculation." *See Sievert v. First National Bank,* 358 N.W.2d 409, 415 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Feb. 5, 1985). It claims Exhibit M was speculative because the exhibit erroneously assumed a 1% per month increase in the CPI. Since the first three years of the lease did not establish an inflation rate of 1% per month, appellant asserts the entire exhibit was speculative. *See Turay v. Allied Enterprises, Inc.,* 256 N.W.2d 71, 74 (Minn.1977) ("Facts, proven to the point of demonstration, control as against mere declarations of witnesses"). Appellant did not object to the introduction of Exhibit M, however, and we need only consider whether the record supports the trial court's finding.

■ We do not believe the trial court's finding is clearly erroneous. Each lease contained a rent escalation clause based on the CPI. Thus, the trial court was forced to determine the likely increase in the CPI over the 10 year life of the lease. Respondent claimed the 1% figure was historically accurate and more likely to reflect actual increases over the 10 year term. Appellant claimed the first three years experience under the lease was a better basis for predicting the future. The trial court apparently found respondent's estimates more credible. Any estimate of future inflation is somewhat uncertain. *See Johnson v. Serra,* 521 F.2d 1289, 1294 (8th Cir.1975). The trial court adopted a reasonable estimate and did not abuse its discretion in determining damages.

■ 3. The trial court's determination that damages for lost profits were speculative is not clearly erroneous. *See Olson v. Aretz,* 346 N.W.2d at 183. The trial court's analysis was correct:

> Lost profits of a new business are recoverable in certain circumstances. For such losses to be recoverable, however, it is necessary that the loss be established with reasonable certainty, and this depends upon the circumstances of the particular case.
>
> In the case before the Court, the business and type of business are uniquely new. The business is the first of its kind in this state and area and the record is devoid of a history of profits as was found in *Leoni v. Bemis Co., supra.* The projections of profits are altogether too suppositious to serve as anything other than a remote, speculative and conjectural guide to determination of the claimed lost profits.

(Citations omitted). The trial court did not err by refusing to award damages for lost profits under these circumstances. *See Cardinal Consulting Company v. Circo Resorts, Inc.,* 297 N.W.2d 260, 266–67 (Minn.1980).

## DECISION

The trial court's determination of damages resulting from increased rent was not

clearly erroneous. The trial court correctly refused to award damages for lost business because they were speculative and conjectural.

Affirmed.