**GARY BUILDERS SUPPLY, INC., Respondent,**

v.

**MENARD, INC., Appellant.**

**No. C4–85–1011.**

Court of Appeals of Minnesota.

Dec. 3, 1985.

A. Blake MacDonald, Duluth, for respondent.

Joel L. Aberg, Eau Claire, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Menard, Inc. (Menard) appeals from a judgment that awarded $1,121, attorney fees of $1,000, and prejudgment interest, to respondent Gary Builders Supply, Inc. (GBS). We affirm in part, reverse in part and affirm as modified.

## FACTS

Maurices, a clothing retailer, remodels 30–35 of its stores annually; it purchases $15,000–20,000 of building materials each year. Its initial contract with respondent GBS was for the purchase of red oak plywood for $1,370. GBS generally receives a 25–35 percent markup (profit) on sales.

GBS then contracted with Midwest Distributors, a division of appellant Menard, Inc., for treatment of the wood with fire retardant chemicals at a cost of $225. Midwest's advertising indicated that the treatment process would not change the color of wood.

The purchase order from GBS to Midwest also indicated that the wood should receive "special handling" and should not have stripes or "sticker marks" on the finished surface. Thomas Berry, manager of the treatment plant, knew that red oak would change color when treated but did not inform GBS of this fact.

Berry inspected the plywood after treatment and there were sticker marks and stripes on the finished surface. The color of the wood had changed to "dark gray" with "black streaks". The plywood was shipped directly to Maurices but they rejected it and sent it to GBS. Maurices has not purchased any further materials from GBS.

GBS sued Menard for breach of contract and lost future business, and attorney fees under Minn.Stat. § 549.21. Menard counterclaimed for the cost of the treatment and other monies owed by GBS.

The jury awarded GBS $1,370 for breach of contract and $1,000 for loss of future business relationship between GBS and Maurices. Menard moved for judgment notwithstanding the verdict (JNOV). The court denied Menard's motion and awarded GBS $1,000 in attorney fees and interest on the judgment from the date of suit commencement, finding that Menard had "asserted an unfounded defense for the purpose of delay of the proceedings ...".

Judgment was entered for GBS in the amount of $1,121 with interest from January 17, 1984 plus costs and disbursements of $82.50, and attorney fees of $1,000. The difference between the jury's verdict and the judgment apparently reflects Menard's undisputed counterclaim against GBS for $1,088.57.

## ISSUES

1. Did the trial court err in denying appellant's JNOV motion on damages to respondent's future business relationship?

2. Did the trial court abuse its discretion in awarding attorney fees under Minn. Stat. § 549.21?

3. Did the trial court err in awarding prejudgment interest under Minn.Stat. § 549.09?

## ANALYSIS

### I

■ A motion for JNOV must be denied if "there is any competent evidence reasonably tending to sustain the verdict." *Brown v. Arthur Schuster, Inc.*, 300 Minn. 106, 110, 217 N.W.2d 850, 853 (1974); *see* Minn.R.Civ.P. 50.01 and 50.02(1)(1985).

The business relationship between Maurices and GBS was new. We believe *Leoni v. Bemis Co., Inc.*, 255 N.W.2d 824 (Minn. 1977), is applicable to GBS's claim for loss of future profits even though *Leoni* was concerned with a brand new business and its future loss of profits, and here we have an established business with a new client. The principles of recovery are the same.

> We have adopted no *per se* rule that only an "established business" can recover damages for loss of prospective profits. The controlling principle governing actions for damages is that "damages which are speculative, remote, or conjectural are not recoverable." The law does not require mathematical precision in proof of loss, but only proof to a "reasonable, although not necessarily absolute, certainty." Once the fact of loss has been shown, the difficulty of proving its amount will not preclude recovery so long as there is proof of a reasonable basis upon which to approximate the amount.
>
> * * * * * *
>
> Consistent with these principles, we have recognized the general rule that " * * proof of loss of profits in a new business is too speculative to be the basis for recovery." This general rule derives from the fact that, lacking a history of profits, new businesses rarely have evidence upon which an award of damages may be based with the requisite degree

of certainty. Although the law recognizes that it is more difficult to prove loss of prospective profits to a new business than to an established one, the law does not hold that it may not be done.

*Leoni*, 255 N.W.2d at 826 (citations omitted); *accord Sievert v. First Nat. Bank in Lakefield*, 358 N.W.2d 409, 415 (Minn.Ct. App.1984).

Evidence of gross sales in previous years, profit margin, and increased profit in other markets constitute a reasonable basis for a jury's award. *Id.*

Here, GBS wanted to become a supplier of Maurices's building materials. Because of Menard's breach, GBS was unable to provide the materials Maurices required and Maurices has not given any further business to GBS. The evidence of the volume of business that GBS might have obtained from Maurices and the profitability of that business was "proof of a reasonable basis upon which the jury could approximate an amount of damages." *Id.* There was competent evidence to sustain the jury's award of damages for loss to GBS's future business and the JNOV motion was properly denied by the trial court.

### II

■ GBS was also awarded attorney fees under Minn.Stat. § 549.21. The statute provides that:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. To qualify for an award under this section, a party shall give timely notice of intent to claim an award.

Minn.Stat. § 549.21 (Supp.1985). To be recoverable, the party or his attorney must

act in bad faith with respect to the conduct of the actual litigation. *Gand v. Jay Bros., Inc.*, 367 N.W.2d 645, 648 (Minn.Ct.App. 1985). An award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982); *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 709 (Minn.Ct. App.1984).

GBS claims Menard had: (1) refused to allow GBS to file a late answer in previous litigation in Wisconsin, (2) refused to admit breach of contract, and (3) not made any legitimate offer to settle the claims of GBS. The trial court found that "the defendant asserted an unfounded defense for the purpose of delay of the proceedings * * *," but did not specify which defense was unfounded.

The award cannot stand. (1) The conduct of Menard in any previous litigation in another state is irrelevant to an award of attorney fees in this action. *Gand*, 367 N.W.2d at 648. (2) A denial of liability cannot alone constitute an "unfounded defense"; Menard presented evidence at trial on all issues of breach and damages. (3) Failure to make an offer to settle may be the basis for a bad faith suit in certain types of insurance litigation but is inapplicable here on the issue of attorney fees under Minn.Stat. § 549.21. Finally, there is no evidence that Menard caused any delay in these proceedings. The award of attorney fees was an abuse of discretion and is accordingly reversed.

### III

Prejudgment interest may be awarded under Minn.Stat. § 549.09 (Supp. 1985), *Bilotta v. Kelley Company, Inc.*, 358 N.W.2d 679, 681 and n. 1 (Minn.Ct.App. 1984), subject to certain exceptions:

> Except as otherwise provided by contract or allowed by law, pre-verdict or pre-report interest shall not be awarded on the following:
>
> \*　　\*　　\*　　\*　　\*　　\*

(4) judgments not in excess of the amount specified in section 487.30 * *

Minn.Stat. § 549.09, subd. 1 (Supp.1985). Minn.Stat. § 487.30 limits the jurisdiction of the conciliation court to $1,250. Minn. Stat. § 487.30, subd. 1 (Supp.1985). The judgment of $1,121 comes within this exception.

### DECISION

1. The appellant's JNOV motion was properly denied by the trial court because there was sufficient evidence to support the jury's award of damages for loss of future business.

2. The trial court erred in awarding attorney fees under Minn.Stat. § 549.21.

3. The award of prejudgment interest is modified to allow interest only from the date of the verdict.

Affirmed in part, reversed in part, and affirmed as modified.