CAVANAGH, J.
(dissenting). I respectfully dissent from the majority’s decision to affirm the Court of Appeals’ judgment dismissing plaintiffs case with prejudice. In my view, MCL 600.2301 should apply when the contents of an affidavit of merit (AOM) are deficient. Accordingly, I would remand this case to the trial court for consideration under MCL 600.2301.
*91 For the reasons stated in Justice MARILYN Kelly’s dissent in Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 702-714; 684 NW2d 711 (2004) (Marilyn Kelly, J., dissenting), I agree with Justice HATHAWAY’s conclusion in this case that a heightened level of specificity in the contents of an AOM is not required. While Justice MARILYN KELLY’s dissent examined MCL 600.2912b, addressing the contents of a notice of intent to sue (NOI), I believe that her analysis is persuasive as it relates to the AOM statute, MCL 600.2912d.
As the Roberts dissent explained, it is this Court’s duty to determine the Legislature’s intent, which begins with an examination of a statute’s language. Roberts, 470 Mich at 705 (MARILYN KELLY, J., dissenting). Because the “Legislature knows what phrasing to use when it intends to require extensive detail,” it is noteworthy that the Legislature did not “explicitly mandate such specificity” in the AOM context. Id. at 709. Specifically, like the NOI statute, MCL 600.2912d only requires a “statement” regarding the alleged manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.[1] Thus, as Justice HATHAWAY notes, the AOM statute does *92 not expressly require a heightened level of specificity, as do other statutes. See Roberts, 470 Mich at 708-709 (MARILYN Kelly, J., dissenting) (examining other statutes that require “detailed,” “complete,” or “full” statements, or that require statements made “with specificity”). Further, because the purpose of the AOM statute is to deter frivolous medical malpractice claims by requiring a certification that a claim is valid, a general assertion of the items required by the AOM statute is sufficient to lend professional credence to the claim’s legitimacy and thus is likely sufficient to meet the statute’s apparent intent. See id. at 707-708. Therefore, I agree with Justice HATHAWAY that a high level of specificity is not required in the AOM context.
Nevertheless, assuming arguendo that the AOM [2] in this case was deficient, I believe that MCL 600.2301[3] should apply to allow a cure of the alleged deficiency within the AOM. To begin with, applying MCL 600.2301 would not conflict with MCL 600.2912d, when the latter is read as a whole. Indeed, as recognized by Justice HATHAWAY, the AOM statute does not expressly provide a penalty for deficiencies within the contents of an AOM. And, notably, the allowances of additional time to *93 file an AOM in MCL 600.2912d(2) and (3) do not explicitly preclude amending or disregarding defects within the contents of an AOM.[4] Instead, those provisions merely provide a plaintiff additional time in which to file the initial AOM and, thus, do not address curing an arguably defective AOM. And while I continue to adhere to my position in Kirkaldy v Rim, 478 Mich 581, 586-587; 734 NW2d 201 (2007) (CAVANAGH, J., concurring), as Justice HATHAWAY suggests, allowing a defect within an AOM to be cured under MCL 600.2301 would simply provide an alternative remedy to that of Kirkaldy, in which the majority opined that the remedy for a successful challenge to a deficient AOM is dismissal without prejudice, id. at 586 (majority opinion). Accordingly, I believe that MCL 600.2301 should apply.[5]
Notably, the aim of MCL 600.2301 is to “ ‘ “abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.” ’ ” Boodt v Borgess Med Ctr, 481 Mich 558, 569; 751 NW2d 44 (2008) (CAVANAGH, J., dissenting), quoting Gratiot Lumber & *94 Coal Co v Lubinski, 309 Mich 662, 668-669; 16 NW2d 112 (1944). And, by its terms, MCL 600.2301 applies to any “process” or “proceeding” before a court, allowing amendment, in either form or substance, at “any time” before judgment is rendered. See, also, Bush v Shabahang, 484 Mich 156, 176; 772 NW2d 272 (2009).
In this case, judgment had not yet been entered and, in my view, an AOM is part and parcel of a medical-malpractice “proceeding,” given that it must be filed with the medical-malpractice complaint. See Black’s Law Dictionary (9th ed) (defining “proceeding” as including “[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment”; “[a]ny procedural means for seeking redress from a tribunal or agency”; and “[a]n act or step that is part of a larger action”); see, also, Bush, 484 Mich at 176-177; Boodt, 481 Mich at 568 n 6 (CAVANAGH, J., dissenting).[6] Further, *95 because MCL 600.2301 permits amendment “either in form or substance,” amending the substance of an AOM to more clearly state the manner in which the breach of the standard of practice or care was the proximate cause of the injury is proper. See Boodt, 481 Mich at 569 (CAVANAGH J., dissenting); Bush, 484 Mich at 177 (recognizing that MCL 600.2301 allows for amendment of errors in form or substance).
Also, permitting amendment of a defective AOM would be “for the furtherance of justice,” consistent with MCL 600.2301. As I explained in Boodt, justice is furthered by applying MCL 600.2301 in a case in which a statute operates as a “terminal trap” for the unwary when as here, defendants seek to avoid litigation of a potentially meritorious claim on the basis of a technical defect in an otherwise sufficient[7] and timely filed AOM. See Boodt, 481 Mich at 569 (CAVANAGH, J., dissenting). Additionally, when plaintiffs AOM is read as a whole, the contents of the AOM do not evidence an utter lack of a good-faith attempt to comply with the proximate-causation requirement of MCL 600.2912d(1)(d).[8] Accordingly, even if plaintiffs AOM were deficient, allowing the alleged defect to be cured under MCL 600.2301 would be in the furtherance of justice. See Bush, 484 Mich at 180-181.
*96 Further, I do not believe that defendants’ substantial rights would be affected by permitting MCL 600.2301 to cure the alleged defect in plaintiff’s AOM. See Bush, 484 Mich at 177-178. Unlike an NOI, which is aimed at providing notice of a claim to a defendant and promoting settlement, see Roberts, 470 Mich at 707-708 (MARILYN Kelly, J., dissenting), and Bush, 484 Mich at 174, the purpose of an AOM is to demonstrate that a valid claim exists. Thus, because an AOM is not intended to provide details in an effort to give notice of an impending claim and to promote settlement, a stronger justification likely exists for allowing a minor defect in the contents of an AOM to be cured. Stated another way, despite a technical defect in the AOM, a defendant would certainly be apprised of the fact that a health-care professional who had reviewed the plaintiff’s medical records believed that there was a valid claim, furthering the intent of the AOM statute. And although a defendant is required to file an answer to a plaintiff’s complaint within 21 days after an AOM is filed, a defendant’s affidavit of meritorious defense is not dependent on the contents of a plaintiff’s AOM. See MCL 600.2912e; cf. MCL 600.2912b(7) (requiring a defendant to submit a written response to a plaintiff’s NOI).[9] Thus, I would not hastily conclude that a defendant’s substantial rights would be affected by permit *97 ting any alleged defects to be cured under MCL 600.2301.[10]
Accordingly, even assuming arguendo that the AOM was deficient in this case, because I believe that the alleged defect can be cured pursuant to MCL 600.2301,1 would remand this case to the trial court for consideration under that statute.
Marilyn Kelly, J., concurred with Cavanagh, J.

 MCL 600.2912d(1) states in relevant part:
[T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiffs attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiffs attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169], The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiffs attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
*92 (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

 Although plaintiff filed two AOMs in this case, because I believe that, at a minimum, MCL 600.2301 would permit the alleged defects in Dr. George Sternbach’s AOM to be cured, I will refer to AOM in the singular.

 MCL 600.2301 provides:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

 MCL 600.2912d provides, in relevant part:
(2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiffs attorney an additional 28 days in which to file the affidavit required under subsection (1).
(3) If the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in [MCL 600.2912b(6)], the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint.

 I disagree with the majority in this case that Kirkaldy provides the sole remedy for a defective AOM, given my belief that MCL 600.2301 provides an alternative remedy to the one posed by the majority in Kirkaldy, which, notably, did not cite or address the merits of applying MCL 600.2301.

 As I have recognized in the past, this Court has previously applied MCL 600.2301 or its predecessors to allow amendment of documents that fall under the category of a process or proceeding. See Boodt, 481 Mich at 567-572 (Cavanagh, J., dissenting); Bush, 484 Mich at 177 n 38. For this reason I disagree with the majority’s suggestion that this Court has “long recognized” that an AOM cannot be amended under MCL 600.2301. Indeed, the only case that the majority cites for this position is Freer v White, 91 Mich 74; 51 NW 807 (1892). Yet Freer did not cite any Michigan authority for its assertion that amendments to “attachment affidavits” “have never been deemed admissible” under a predecessor of MCL 600.2301. Id. at 76. More importantly, however, Freer did not address the statute at issue in this case. Instead, Freer involved an “attachment affidavit” in an attachment proceeding. Id. (emphasis added). See, generally, MCR 3.103 (explaining the process for seeking a writ of attachment). Thus, because Freer involved an attachment proceeding, its statements regarding the applicability of the predecessor of MCL 600.2301 it discussed, which, by its terms, only expressly involved attachment affidavits, should not be read as applying to all affidavits generally, especially when this Court has held that statutes such as the predecessors of MCL 600.2301 should be “liberally construed.” See Beecher v Wayne Circuit Judges, 70 Mich 363, 367; 38 NW 322 (1888).

 Notably, in this case, only the AOM’s statement regarding the manner in which the breach of the standard of practice or care was the proximate cause of the injury is at issue.

 Instead, the AOM in this case indicated that, in order to comply with the applicable standard of care, defendants should have admitted the decedent to the hospital on January 22, 2002, and obtained the appropriate consultations on that date and that, as a direct and proximate cause of defendants’ acts and omissions, the decedent died. Compare, Bush, 484 Mich at 178, 180 n 43, 182-183 (concluding that the defendant’s one-page blanket denial provided an example of a failure to demonstrate a good-faith attempt to comply with the content requirements of the NOI statute).

 In my view, any claim of prejudice to defendants’ rights rings hollow in this case. Like the AOM statute, the NOI statute similarly requires a statement regarding proximate causation. MCL 600.2912b(4)(e). In this case, defendants cannot legitimately claim that they would be unfairly prejudiced by allowing the alleged defects in the AOM to be cured, given that plaintiff’s statement regarding proximate causation in the supplemental NOI was deemed sufficient by the Court of Appeals and defendants were served with plaintiffs supplemental NOI before plaintiff filed the complaint and AOM.

 For the reasons stated in this dissent, I respectfully disagree with the majority’s conclusion that permitting a cure would affect defendants’ substantial rights. See, also, Bush, 484 Mich at 178. Further, I respectfully disagree with the majority’s suggestion that permitting a trial court to cure a technical defect within an AOM is erroneous. In my view, the majority’s opinion effectively renders MCL 600.2301 nugatory.