### In re ESTATE OF Alex RENCZYKOWSKI, Deceased.

No. C0–86–2070.

Court of Appeals of Minnesota.

July 28, 1987.

Merlyn D. Anderson, Slayton, for appellant Estate.

Terry L. Bloch, Windom, for respondent Emil Renczykowski.

Considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

In an action against the estate of a deceased partner for an accounting for part-

nership assets, respondent Emil Renczy-kowski was awarded damages plus interest. On appeal, the appellant, Estate of Alex Renczykowski, contends that respondent's claim is barred since he failed to respond within 60 days of receiving the notice of disallowance, that the trial court erred in finding no prior settlement had been reached regarding the assets, and that the trial court erred in awarding interest on the partnership assets. We affirm.

## FACTS

In 1982 Alex Renczykowski died testate without issue. Renczykowski had farmed his entire life in partnership with his brothers Louis and Emil. After Louis died in 1969, Alex signed an agreement with Emil dividing the land between them equally, but with both retaining ownership as tenants in common of the farm machinery and equipment listed in the agreement. The mortgages on the equipment were secured with Emil's half of the property and both agreed to pay an equal share. However, Alex never paid the full portion of his debt.

In 1969, Emil ceased active participation in the farming partnership while Alex continued farming and utilizing assets until 1977. After 1970 Emil made numerous and repeated demands on Alex for his share of the assets. Two witnesses testified that Alex was aware of Emil's demands, but ignored them claiming that he had paid off the mortgage on Emil's farm and that Emil had then told him the machinery was all his. During this time much of the farm machinery and equipment disappeared and remained unaccounted for. At trial no evidence was presented demonstrating any major disbursement covering a mortgage on Emil's property. Emil's wife testified that the only mortgage on Emil's land was the consolidated mortgage on the equipment which Alex never paid off.

After a conservator was appointed for Alex in 1981, Emil again made repeated attempts to settle the matter with the conservator. In August 1981, Emil initiated an action against Alex and his conservator for an accounting and division of the assets. Following Alex's death, Emil contest-ed the will on unrelated grounds, and also filed a note of issue regarding the prior suit over the business assets. At a 1983 hearing on the will contest, the parties agreed by written stipulation to continue the suit over the business assets until after the will contest was settled.

After the will contest was settled, in 1985 the assets of the estate were sold, including some of the farm machinery. Emil also had obtained and sold some of the machinery. In January 1986, pursuant to the 1983 stipulation, Emil notified Alex's estate of his claim for his share of the proceeds received for the farm equipment and machinery.

On April 3, 1986, the estate sent Emil a notice of disallowance of his claim. Emil then filed a petition for proceeding on the claim on July 7, 1986. Following a hearing, the trial court valued the partnership's machinery and equipment as of 1970, less depreciation, at $23,545. Further, interest on Emil's share for 16 years at 6% per annum totaled $11,301. Subtracting the $4,670 amount of machinery Emil sold, the court found the total award of his share plus interest equaled $18,404. On appeal, Alex's estate claims Emil failed to respond within the proper time following receipt of the notice of disallowance, that the trial court erred in awarding $11,301 interest, and that the trial court erred in finding no prior settlement had been reached between Alex and Emil.

## ISSUES

1. Is respondent's claim barred because he failed to file a timely petition for allowance or commence a proceeding under Minn.Stat. § 524.3–806?

2. Did the trial court err in finding there was no settlement of partnership affairs?

3. Did the trial court err in awarding respondent interest on the damage award?

## ANALYSIS

### I.

In claims against a decedent's estate, under Minn.Stat. § 524.3–806(a) (1986)

a claimant is barred from pursuing a claim that has been disallowed by the personal representative unless he or she

> files a petition for allowance in the court or commences a proceeding against the personal representative not later than two months after the mailing of the notice of disallowance * * *.

The estate contends Emil's claim is barred because he did not file the petition for proceeding on the claim until approximately 90 days after receipt of the notice of disallowance. Further, the estate asserts the statute is applicable since Emil "elected" his remedy by filing a written statement of claim against the estate in preference to other remedies.

"Claims" are defined under Minn.Stat. § 524.1–201(4) (1986) to exclude "taxes, demands or disputes regarding title of a decedent to specific assets alleged to be included in the estate * * *." Further, the Minnesota Supreme Court interpreted the statutory predecessor to section 524.3–806 as follows:

> [A] claim by a third party to all or to a part of the assets in the hands of the representative is not a claim against the estate as such but is a claim to specific property and does not constitute a claim within the meaning of §§ 525.411 and 525.431.

*Minnesota Odd Fellows Home v. Pogue,* 245 Minn. 539, 543, 73 N.W.2d 615, 619 (1955). Since this case was commenced prior to Alex's death to recover a portion of the farm equipment and machinery, this is not a claim within the definition in Minn. Stat. § 524.1–201(4), and thus is not barred by the sixty day limitation of Minn.Stat. § 524.3–806.

In addition, Emil had filed a claim against Alex's conservator in 1981, and following Alex's death the parties stipulated to continue the matter during will contest proceedings in 1983. Thus, although the petition for proceeding on the claim was filed over 60 days after receipt of the notice of disallowance, the conservator and the estate were aware of the commencement and continuation of proceedings before they mailed Emil the notice of disallowance.

## II.

■ The estate also claims the trial court erred in finding there was no settlement of partnership affairs during Alex's lifetime. Although two witnesses testified that Alex stated the matter was settled because he paid off a "mortgage" for Emil, there was no evidence at trial that Alex had ever satisfied a mortgage on Emil's behalf. In fact, testimony revealed the only mortgage on Emil's land was for the farm equipment. While Emil continued to make his share of these mortgage payments, Alex was in arrears on his share. Although numerous tax records, mortgage records, and the partnership agreement were produced, there was no tangible evidence demonstrating a settlement regarding the farm equipment.

Even if the partnership was treated as dissolved prior to Alex's death, the matter arguably remained unsettled, and Emil as co-partner retained his right to an allocation of partnership property and the right to an accounting of his interest. *See* Minn. Stat. §§ 323.37 and 323.42 (1986). We find that the trial court, which had the advantage of hearing the evidence and judging the credibility of the witnesses, did not abuse its discretion in determining that no settlement was reached regarding the farm equipment.

## III.

■ Under Minn.Stat. § 323.20 (1986) a partner or the partner's estate is accountable as a fiduciary for any profits derived by him without his partner's consent from the "conduct, liquidation of the partnership or from any use by that partner of its property." Further, a claimant partner has the right to a formal accounting if wrongfully excluded from possession of partnership property by a co-partner. Minn.Stat. § 323.21 (1986). Regarding the award of interest in partnership matters, generally in the absence of a written agreement to the contrary, interest is not allowed on partnership assets until a balance has been

struck. However, interest may be charged under the particular circumstances of a case if the equities so require. *Jensen v. Schreck,* 275 N.W.2d 374, 380 (Iowa 1979); *Riebel v. Mueller,* 177 Minn. 602, 603, 225 N.W. 924 (1929).

■ There are no Minnesota cases ruling on the equitable circumstances justifying an award of interest on partnership assets. However, treatises and case law from other jurisdictions recognize that equitable circumstances justifying an award of interest payments ordinarily include instances where one partner has retained money an unreasonable length of time or is wrongfully withholding it, or where a partner improperly used or neglected to account for partnership assets. *See Weaver v. Watson,* 130 Ill.App.3d 563, 85 Ill.Dec. 799, 474 N.E.2d 759 (1984); *Baum v. McBride,* 152 Neb. 152, 40 N.W.2d 649 (1950), Rowley, Law of Partnership, 47.17 p. 184–85 (1960).

■ An award of interest may be allowed in the sound discretion of the trial court as a matter of just compensation. *Oliver Electrical Manufacturing Co. v. I.O. Teigen Construction Co.,* 183 F.Supp. 768, 769 (D.Minn.1960). Here, the trial court awarded interest because of the unreasonable delay Alex caused in settling the partnership affairs. Despite repeated demands from 1970 to 1980, Alex retained exclusive use of the machinery and refused to account for the assets. Although Alex claimed the matter was settled, there was no evidence of settlement contrary to the agreement signed by the parties. Repeated demands again were made when a conservator was appointed, and suit was filed in 1981. The matter was continued at appellant's request following probate and will contest proceedings until 1986. Thus, because of the particular equitable circumstances, the trial court properly exercised its discretion in awarding interest.

In addition to our determination that the court properly exercised its equitable powers in awarding prejudgment interest, there is support for that award in both the provisions of Minn.Stat. § 549.09 and in prior Minnesota case law. Minn.Stat. § 549.09 provides in pertinent part:

[P]reverdict or prereport interest on pecuniary damages shall be computed from *the time of the commencement of the action,* or the time of a written settlement demand, whichever occurs first, except as provided herein. The action must be commenced within 60 days of a written settlement demand for interest to begin to accrue from the time of the demand.

(Emphasis added.) There is no evidence of a written settlement demand, and no evidence that an action was commenced within 60 days of a written demand before Emil initiated this lawsuit in August of 1981.

The original amendment to Minn.Stat. § 549.09, which mandated prejudgment interest in most cases, became effective July 1, 1984, and the legislature determined that interest would begin to accrue as of that date on any pending causes of action. 1984 Minn.Laws, ch. 472, § 2; *see L.P. Medical Specialists, Ltd. v. St. Louis County,* 379 N.W.2d 104, 109 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Jan. 31, 1986). Although interest clearly arises in this case as of July 1, 1984, the trial court did not err in accruing interest as of 1970. Before Minn.Stat. § 549.09 was amended to allow prejudgment interest, Minnesota allowed prejudgment interest in cases involving unliquidated demands when damages were readily ascertainable by computation or reference to generally recognized standards. *Potter v. Hartzell Propeller, Inc.,* 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971); *Polaris Industries v. Plastics, Inc.* 299 N.W.2d 414, 418 (Minn.1980). In addition to accruing interest after the effective date of Minn.Stat. § 549.09, this court has not hesitated to award prejudgment interest prior to the statute's effective date when under the earlier Minnesota law the damage amount was readily ascertainable. *L.P. Medical Specialists, Ltd.,* 379 N.W.2d at 109–10; *Regents of the University of Minnesota v. Medical, Inc.,* 382 N.W.2d 201, 213 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Apr. 18, 1986), *cert. denied,* — U.S. ——, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986). Here, the agreement signed by Alex and Emil, tax records, and other

records clearly itemized the farm equipment's value in 1970, less depreciation, at $23,545. Interest from 1970 thus is permissible since at that time damages were readily ascertainable by recognized standards.

## DECISION

The respondent's action for his share of the farm equipment is not barred by Minn. Stat. § 524.3–806. The trial court did not abuse its discretion in finding that partnership affairs were not settled. Finally, the trial court did not err in awarding respondent prejudgment interest on the damage award accruing as of 1970.

Affirmed.