**Janice Ann EIDE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C7–92–809.

Court of Appeals of Minnesota.

Nov. 17, 1992.

Richard C. Smith and Mary C. Cade, Minneapolis, for appellant.

Emilio R. Giuliani and Michael T. Hughes, Hopkins, for respondent.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NORTON, JJ.

## OPINION

NORTON, Judge.

Appellant's claim for underinsured benefits against respondent was initially heard by an arbitration panel. The arbitration award was vacated by the trial court on the ground that the arbitrators exceeded their authority in deciding the dispute. Appellant challenges the trial court's vacation of that award.

## FACTS

In early 1986, appellant Janice Eide was injured when the car she was driving was struck by an uninsured motor vehicle. At the time of the collision, Eide was insured for uninsured motorist coverage with respondent State Farm Insurance Company.

Eide retained attorney Robert Healy to represent her in connection with negotiations with State Farm. Healy negotiated Eide's claim with Don Messerly, a State Farm claims representative. Messerly claims that he and Healy settled Eide's claim for $15,000, a fact which Healy denies. After the alleged settlement, Messerly forwarded to Healy a release and a draft for $15,000 payable to Eide.

Eide signed the release and endorsed the draft. Healy kept both of these documents in his office. Two months later, pursuant to Eide's instructions, Healy sent a letter to State Farm stating that Eide did not wish to settle the case for $15,000. Healy included the documents sent by State Farm with the letter. State Farm representatives were apparently surprised by Healy's letter.

After Healy returned the settlement documents to State Farm, Eide's new attorney, Richard Smith, requested State Farm choose an arbitrator pursuant to Eide's policy. Eide asserted a right to arbitration based on the following policy language:

**Deciding fault and amount—coverage U**

Two questions must be decided by agreement between the insured and us: 1) Does the owner or driver of the uninsured motor vehicle legally owe the insured damages; and 2) if so, in what amount?

If there is no agreement, these questions shall be decided by arbitration upon written request of the insured or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within thirty days, either party may request a judge of the court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

State Farm resisted proceeding to arbitration, claiming that Eide's claim had already been settled. In March 1989, Eide

brought suit in Hennepin County District Court to compel arbitration.

Hennepin County District Court granted Eide's motion to compel arbitration. However, in doing so, the trial court expressly reserved the right to de novo review of the arbitrators' findings:

This court finds that it is reasonably debatable whether defendant's claim of settlement is within the scope of the arbitration clause. Taking the approach upheld by the Minnesota Supreme Court in *Safeco* and *Woog*, this court orders defendant to proceed with arbitration subject to de novo review.

In May 1990, after a hearing on the matter, the arbitrators found that Eide's injuries were caused solely by the negligence of the driver of the uninsured vehicle. They also found that Eide's claim had not been settled. While Healy may have had apparent authority to settle Eide's claim, the arbitrators found he lacked actual authority to do so.

The arbitrators found that Eide suffered damages in the amount of $26,000, exclusive of no-fault benefits paid or to be paid. Thus, an award of $26,000 was entered against State Farm. State Farm did not formally object to this award within the ninety-day period mandated by Minn.Stat. § 562.19, subd. 2 (1990).

Following the arbitrators' award, Eide filed a note of issue, certificate of readiness and statement of the case with Hennepin County District Court indicating her willingness to have the case tried de novo. State Farm did not file a certificate of non-readiness for trial. Accordingly, the parties proceeded to a trial de novo on the issue of whether Eide had settled her claim with State Farm.

The jury found that Messerly and Healy entered into an agreement to settle Eide's claim for $15,000. It also found that Healy had express authority to settle Eide's claim and that Eide impliedly ratified or accepted the $15,000 settlement.

Prior to the verdict and throughout the trial, the court understood that a verdict of "no settlement" would entitle Eide to the $26,000 arbitration award, while a verdict of "settlement" would resign Eide to a recovery of $15,000. State Farm claims that the attorneys had an identical verbal agreement.

After the verdict, Eide moved to confirm the arbitration award. The district court denied her motion, stating that the proper course was for Eide to test the district court's verdict via post-trial motions. If the verdict was overturned, the court would confirm the arbitrator's award of $26,000 in damages.

Eide then filed a notice of appeal from the Hennepin County order denying confirmation of the arbitrators' award. A week later, on December 30, 1991, the Hennepin County Court issued an order for judgment in favor of Eide for $15,000. On January 21, 1992, the court of appeals dismissed on jurisdictional grounds Eide's challenge of the Hennepin County order denying confirmation of the arbitrator's award, holding that the trial court's decision was not yet final.

On January 29, 1992, Eide moved for a judgment notwithstanding the verdict and, alternatively, a new trial. On January 30, 1992, judgment was entered against State Farm for $15,000 and against Eide for $1706.65 (representing State Farm's costs at trial). On April 29, 1992, and before the trial court could rule on her post-trial motions, Eide filed a notice of appeal with this court. Subsequently, on May 6, 1992, the trial court issued an order holding that it had lost jurisdiction to adjudicate Eide's post-trial motions.

## ISSUES

1. Was the trial court's de novo review of the arbitration award proper?

2. Did State Farm's failure to formally apply for vacation of the arbitrators' award preclude review of the award?

3. Did the trial court err in its determination that Eide settled her claim with State Farm?

4. Is Eide precluded on equitable grounds from challenging the trial court's decision?

5. Did the trial court properly award State Farm costs after State Farm prevailed at trial?

6. Is Eide entitled to interest from the date of settlement?

## ANALYSIS

■ 1. Whether the trial court's de novo review of the arbitration award was proper is a question of law. Therefore, this court need not defer to the trial court's conclusion. *County of Lake v. Courtney,* 451 N.W.2d 338, 340 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990). An appellate court "conduct[s] an independent review of the record in light of the relevant law to determine if the" lower court made a proper legal conclusion. *Jadwin v. Minneapolis Star & Tribune Co.,* 367 N.W.2d 476, 483 (Minn.1985).

■ Where an insurer and insured disagree about whether a particular dispute is subject to arbitration, the trial court should examine the arbitration clause in question to determine its scope. If it is "reasonably debatable" whether the arbitration clause makes the particular dispute subject to arbitration, the trial court should forward the dispute to arbitration, while reserving the right to review the arbitrator's decision de novo. *Woog v. Home Mut. Indem. Co.,* 340 N.W.2d 863, 865 (Minn.1983); *Dunshee v. State Farm Mut. Auto. Ins. Co.,* 303 Minn. 473, 479–80, 228 N.W.2d 567, 571 (1975).

■ In exercising de novo review of an arbitration award, the trial court is not bound by the arbitrator's decision, but must independently determine whether the arbitrator exceeded his or her authority by examining the language of the arbitration agreement and such other admissible evidence as may be submitted to resolve questions of law or fact. *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 69 (Minn.1978). The trial court may vacate the award if the arbitrator clearly exceeded his or her authority. *Layne–Minnesota Co. v. Regents of the*

*Univ. of Minnesota,* 266 Minn. 284, 293, 123 N.W.2d 371, 377 (1963). In other words, the trial court may vacate the award if the arbitrator's belief that he or she could adjudicate the dispute was erroneous. If the trial court finds that the arbitrator actually lacked authority to decide the case, the award is vacated. Conversely, if the arbitrator had the requisite authority, the arbitrator's rulings on questions of law and fact are entitled to respect. *Cournoyer v. American Television & Radio Co.,* 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957) (arbitrator's award is not set aside absent finding of fraud, mistake by arbitrator in applying his own theory, misconduct, or other disregard of duty).[1]

■ The trial court initially held that it was reasonably debatable whether the arbitration clause in Eide's insurance policy governed the settlement dispute. We find no error in that decision. Nor do we find error in the trial court's subsequent determination that the clause did not in fact govern the settlement dispute. The trial court's subsequent ruling, by implication, vacated the arbitration award.

■ 2. Eide argues that State Farm's failure to formally apply for vacation of the arbitrators' award precluded the trial court from exercising de novo review. State Farm did not formally apply for vacation of the award within the 90–day period established by Minn.Stat. § 572.19, subd. 2 (1990).

Although State Farm did not formally file a motion for vacation of the arbitration award, it opposed proceeding to arbitration from the outset. When Eide initially moved the trial court to compel arbitration, State Farm filed an answer stating that it opposed arbitration because Eide's claim had been settled. State Farm only proceeded to arbitration when ordered to do so by the court.

Within ninety days of the arbitration award, Eide filed with the trial court a note of issue, certificate of readiness, and statement of the case. Eide stated in her letter

---

1. In the no-fault context, however, arbitrators do not decide issues of law. *Johnson v. American Family Mut. Ins. Co.,* 426 N.W.2d 419, 421 (Minn.1988).

that these documents were filed in accordance with the court's initial order reserving the right to review the arbitrators' award de novo. State Farm did not file a certificate of non-readiness, and subsequently gathered evidence, conducted depositions, and participated at trial.

Based upon all of these facts, we hold that State Farm complied with the requirements of section 572.19, subd. 2, despite its failure to formally apply for vacation of the arbitration award. State Farm formally objected to arbitration before the arbitration hearing began. And within 90 days after the arbitrators issued their award, it was clear that de novo review would occur.

■ 3. Eide also argues that the trial court erred in its determination that she settled her claim with State Farm. On appeal from a jury verdict, all evidence must be considered "in the light most favorable to the prevailing party," and "the verdict must be sustained unless it is manifestly and palpably contrary to the evidence." *Cobb v. Aetna Life Ins. Co.*, 274 N.W.2d 911, 917 (Minn.1979). A jury verdict will be overturned only if no reasonable mind could find as did the jury. *Fallin v. Maplewood–North St. Paul Dist. No. 622*, 362 N.W.2d 318, 322 (Minn.1985).

■ When viewed in the light most favorable to State Farm, the trial court's verdict must be affirmed. Reasonable minds could find that Eide settled her claim with State Farm.

The following facts support the trial court's verdict: (a) Don Messerly, a State Farm claims representative for over 31 years, stated that he and attorney Healy settled Eide's claim for $15,000; (b) Messerly stated that he had reason to believe Healy had authority to settle the case; (c) Messerly stated that it is State Farm's standard practice not to forward drafts and settlement papers until an agreement has been reached; (d) Healy returned the settlement documents to State Farm; (e) Eide endorsed the draft and signed the settlement release; and (f) Eide failed to return the draft or attempt to revoke the settlement until more than two months after

receiving the same also suggests settlement.

■ Eide claims that the alleged settlement is invalid because an injured plaintiff cannot assign a cause of action to a third party. Obviously, no such assignment occurred here. Granting an attorney the authority to settle a claim does not constitute assigning a cause of action.

■ Eide also argues that it was improper and prejudicial to allow the jury to decide whether she ratified any settlement between Healy and State Farm. However, a settlement is a contract. *Speckel by Speckel v. Perkins*, 364 N.W.2d 890, 893 (Minn.App.1985). Whether a contract is to be implied, and the existence of the terms of the contract, are questions of fact to be determined by the trier of fact, the jury. *AFSCME Council 6 v. Sundquist*, 338 N.W.2d 560, 567 (Minn.1983); *Herron v. Green Tree Acceptance, Inc.*, 411 N.W.2d 192, 195 (Minn.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987).

4. State Farm claims that Eide is precluded on equitable grounds from challenging the trial court's decision. State Farm resisted arbitration on the ground that Eide's claim was settled. State Farm argues that Eide did not deny settlement until after the trial court verdict, nearly two years after the trial court's initial order sending the case to arbitration, and that such inaction constitutes waiver and laches.

■ Waiver is a voluntary and intentional relinquishment or abandonment of a known right. *Montgomery Ward & Co. v. County of Hennepin*, 450 N.W.2d 299, 304 (Minn.1990). Waiver need not be express, but may be inferred from conduct. *First Nat'l Bank of Barron v. Strimling*, 308 Minn. 207, 211, 241 N.W.2d 478, 480 (1976).

■ Eide did not waive her right to contest the trial court's decision. Merely participating in a trial does not preclude a party from contesting the court's ruling. Indeed, an arbitrator's award is subject to vacation at the request of a party which participated in the arbitration.

Nor should Eide be precluded from objecting to the decision on the basis of laches. The doctrine of laches depends on a factual determination in each case. The basic question is whether there has been such an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for. The purpose of laches is to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay. *Klapmeier v. Town of Center*, 346 N.W.2d 133, 137 (Minn.1984).

At every step of the way, Eide did what was required of her. Pursuant to the trial court's order, she participated in arbitration. Later, she participated in the trial court's de novo review of the arbitrators' award. When she was dissatisfied with the trial court's order, she appealed in a timely fashion. There has been no unreasonable delay, and State Farm has not been prejudiced in any way.

State Farm also claims that the verbal agreement between the attorneys equitably estops Eide from challenging the trial court's decision. A party seeking to invoke the doctrine of equitable estoppel has the burden of proving three elements: (1) that promises or inducements were made; (2) that it reasonably relied upon the promises; and (3) that it will be harmed if estoppel is not applied. *Hydra–Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 919 (Minn. 1990).

The only harm State Farm will suffer if the settlement is not enforced is that it will not receive the benefit of the promise. In other words, State Farm will not recover its "expectancy." State Farm merely seeks to enforce the contract; it has done nothing in reliance on the alleged promise that it would not otherwise have done. State Farm had to go to trial to avoid liability for the $26,000 arbitration award. Moreover, Eide did not lose her right to appeal merely by going to trial.

5. Eide asserts that the trial court's award of costs to State Farm was improper. Eide cites *Hedlund v. Citizens*

*Security Mut. Ins. Co.*, 377 N.W.2d 460 (Minn.1985), for the proposition that the trial court cannot order costs where the arbitrator has failed to do so. However, as State Farm notes, the trial court awarded costs to State Farm for proving at trial that the arbitrator exceeded its authority. This is clearly an issue that the arbitrator could not decide, hence *Hedlund* is inapplicable. The trial court properly awarded costs to State Farm.

6. Eide also argues that she is entitled to pre-judgment interest from the date of her settlement for $15,000 with State Farm. There can be no liability for interest where there is a liability to pay money, but no express promise to pay interest thereon, no statutory obligation to do so, or no default consisting of failure to pay the money when due. *Lappinen v. Union Ore Co.*, 224 Minn. 395, 413, 29 N.W.2d 8, 20 (1947). An obligation to pay interest does not arise before the amount of damages is "readily ascertainable." *Johnson v. Moberg*, 354 N.W.2d 613, 614 (Minn.App.1984).

The amount owed Eide by State Farm did not become readily ascertainable until the trial court's decision. Until then, it was not certain whether State Farm owed $15,000 or $26,000. Moreover, the only reason interest accrued for two years is because Eide challenged the validity of the settlement agreement. Eide should recover no pre-judgment interest from State Farm on the $15,000 amount.

## DECISION

The trial court's vacation of the arbitration award on the basis that appellant settled her claim with respondent prior to arbitration is affirmed.

Affirmed.