*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0651**

Homestead Acres Homeowners Association, Inc.,
Respondent,

vs.

Hiscox Insurance Company, Inc.,
Appellant.

**Filed January 29, 2024
Affirmed
Worke, Judge**

Anoka County District Court
File No. 02-CV-21-4759

Justice Ericson Lindell, Mihajlo Babovic, Greenstein Sellers PLLC, Minneapolis, Minnesota (for respondent)

Christopher L. Goodman, Thompson, Coe, Cousins & Irons, L.L.P., St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges the district court's order granting summary judgment in favor of respondent, arguing that the district court erred when it: (1) determined that a settlement agreement was a valid and separate contract, (2) determined that respondent did not breach

the terms of the insurance policy, and (3) failed to conclude that respondent was estopped from enforcing the settlement agreement. We affirm.

**FACTS**

In 2018, respondent Homestead Acres Homeowners Association, Inc. (HOA) submitted an insurance claim to appellant Hiscox Insurance Company, Inc. (Hiscox) for hail damage that occurred in June 2017. The insurance policy provided that any action against Hiscox must be "brought within two years" of the date of the loss.

In June 2019, the parties entered into a tolling agreement extending the suit-limitations period in the policy to "[ninety[1]] (90) days from receipt of written Appraisal Award Settlement document." The tolling agreement further stated: "Written Appraisal Award Settlement notice . . . shall be made to the parties at the addresses: [street addresses identified]."

The parties disagreed on the amount of the loss; accordingly, each selected an appraiser, and the appraisers selected an umpire. On May 12, 2021, HOA's appraiser and the umpire signed the appraisal award for $513,731.73. The appraisal award was emailed to the parties.

Settlement negotiations began between the parties. These negotiations continued until Hiscox's counsel emailed HOA a settlement offer on August 24, 2021. In the email, Hiscox's counsel stated that he was "authorized to offer $500,000 in full and final satisfaction of the [HOA] claim." HOA emailed its acceptance of the settlement offer two

---

[1] The original tolling agreement contained the word "sixty" but was later edited to "ninety."

days later. HOA's counsel wrote "[HOA] has decided to accept the $500,000 payment offered by Hiscox." Less than an hour later, Hiscox's counsel replied: "I am glad to hear we were able to reach an agreement in this case." HOA began work to repair the hail damage.

On September 10, 2021, Hiscox emailed HOA its intention to revoke the settlement agreement. The email stated that the terms of the tolling agreement invalidated the settlement agreement as "time barred." HOA placed the repairs on hold. The parties could not come to an agreement and HOA filed suit against Hiscox seeking enforcement of the settlement agreement.

Both parties moved for summary judgment. A hearing on the motions was held. The district court granted summary judgment in part in favor of HOA, determining that there was no genuine issue of material fact that the settlement was enforceable, HOA's appraiser was impartial, and estoppel was not required. The district court entered a final judgment of $500,000 in favor of HOA. This appeal followed.

## DECISION

Summary judgment is appropriate when the moving party shows that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01. On appeal from summary judgment, we review questions of law, including the interpretation of an insurance policy and its application to undisputed facts, de novo. *Com. Bank v. W. Bend Mut. Ins. Co.*, 870 N.W.2d 770, 773 (Minn. 2015). "A defendant is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the plaintiff's claim." *Lubbers v.*

3

*Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). We must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Cargill Inc. v. Jorgenson Farms*, 719 N.W.2d 226, 232 (Minn. App. 2006).

### *Settlement agreement*

Hiscox argues that the settlement agreement was unenforceable because the suit-limitation period, which was extended by the tolling agreement, expired before the action seeking to enforce the settlement agreement was enforced. Assuming without deciding the suit-limitation period applies to an action brought to enforce the settlement agreement, Hiscox has not shown that the district court erred in determining that the tolling period had not expired. The district court concluded that the tolling period expired 90 days after the written appraisal award was received at the physical addresses specified in the tolling agreement. Because it was undisputed that the appraisal award was only delivered via email and not to the physical addresses, the 90 days never started to run. Hiscox makes a number of arguments about the district court's analysis of the tolling period, but it does not address the district court's specific conclusion that notice of the written appraisal award at the physical addresses identified, e.g., by mail, was required and did not occur. We do not assume error on appeal. *See Loth v. Loth*, 35 N.W.2d 542, 546 (Minn. 1949); *Luthen v. Luthen*, 596 N.W.2d 278, 283 (Minn. App. 1999) (applying this aspect of *Loth*). The appellant has the burden to prove that the district court erred. *See Noltimier v. Noltimier*, 157 N.W.2d 530, 531 (Minn. 1968) (dismissing appeal for inadequate record, stating that appellant has burden to provide adequate record on appeal).

Hiscox also challenges the district court's order granting summary judgment in favor of HOA, arguing that HOA failed to establish that Hiscox breached the settlement agreement.

Pretrial settlements are "greatly favored, and such agreements will not lightly be set aside by Minnesota courts." *Beach v. Anderson*, 417 N.W.2d 709, 711-12 (Minn. App. 1988), *rev. denied* (Minn. Mar. 23, 1988); *see also Skalbeck v. Agristor Leasing*, 384 N.W.2d 209, 212 (Minn. App. 1986) ("Settlement agreements are presumed to be valid in Minnesota.").

HOA's pleaded claim in this matter was breach of contract by Hiscox. A breach-of-contract claim requires that the plaintiff prove three elements: (1) contract formation, (2) performance of any conditions precedent, and (3) the defendant's breach of the contract. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011).

For a contract to be formed, there must be an offer, acceptance, and consideration between the parties. *Com. Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. App. 2006). Whether a contract has been formed is a question of fact. *See Morrisette v. Harrison Int'l Corp.*, 486 N.W.2d 424, 427 (Minn. 1992).

The formation of a contract "requires mutual assent among the parties involved in the transaction." *SCI Minn. Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855, 864 (Minn. 2011). "Mutual assent entails a meeting of the minds concerning [a contract's] essential elements." *Id.* (alteration in original) (quotation omitted). "Whether mutual assent exists is tested under an objective standard." *Id.* A contract is formed only after the parties have agreed "with reasonable certainty about the

5

same thing and on the same terms." *Peters v. Mut. Benefit Life Ins. Co.*, 420 N.W.2d 908, 914 (Minn. App. 1988).

Hiscox's counsel emailed HOA stating that he was "authorized to offer $500,000 in full and final satisfaction of the [hail-damage] claim, subject to the same terms and conditions outlined in [his] previous correspondence." The previous correspondence outlined that "[s]ettlement would also be contingent on confidentiality and non-disparagement provisions in a Settlement Agreement and Release, and with no admission of liability from [Hiscox]." Two days after he received the settlement agreement, HOA's counsel sent Hiscox a reply email that stated: "[HOA] has decided to accept the $500,000 payment offered by Hiscox." Hiscox's counsel acknowledged HOA's acceptance in a reply email that read: "I am glad to hear we were able to reach an agreement in this case." The district court determined that there was no genuine issue of material fact that there was a valid offer from Hiscox to HOA and that HOA accepted this offer. This is supported by the record of the parties' settlement-negotiation emails.

Hiscox appears to argue that the district court erred when it determined that there was no genuine issue of material fact that there was consideration for a settlement agreement because Hiscox agreed to pay $500,000 in exchange for dismissal of HOA's claims. Hiscox detailed the "essential elements" of the settlement agreement in its correspondence with HOA.

6

"Whether a stipulation is supported by consideration is a legal question, which we review de novo." *Kielley v. Kielley*, 674 N.W.2d 770, 777 (Minn. App. 2004). "Consideration may consist of either a benefit accruing to a party or a detriment suffered by another party." *Cityscapes Dev., LLC v. Scheffler*, 866 N.W.2d 66, 71 (Minn. App. 2015) (quotation omitted).

Here, the settlement agreement was "contingent on confidentiality and non-disparagement provisions in a Settlement Agreement and Release, and with no admission of liability from [Hiscox]." The settlement agreement included specific details regarding how Hiscox reached the actual cash value for the claim, including the deductible, depreciation, length of repairs, purpose for the settlement offer, and amount of accrued interest. The settlement agreement also "offer[ed] the foregoing points in the hopes it w[ould] show . . . HOA that Hiscox's offer is more than reasonable." The district court determined that there was no genuine issue of material fact that "the parties' correspondence regarding settlement . . . show[ed] that there ha[d] been a meeting of the minds on the essential terms of the agreement." The district court did not err in its conclusion that the settlement agreement was supported by valid consideration.

Therefore, viewing the facts in the light most favorable to the nonmoving party, the district court did not err in its determination that a valid contract was formed.

The settlement agreement does not contain any conditions precedent. Interpretation of an unambiguous contract, like a settlement agreement, is a question of law that we

review de novo.[2] *Roemhildt v. Kristall Dev., Inc.*, 798 N.W.2d 371, 373 (Minn. App. 2011), *rev. denied* (Minn. July 19, 2011). "A condition precedent is a contract term that calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which [the promisor's] obligation is made to depend." *Capistrant v. Lifetouch Nat'l Sch. Studios, Inc.*, 916 N.W.2d 23, 27 (Minn. 2018) (alteration in original) (quotation omitted). When a contract does not contain any conditions precedent, as is the case here, this element of a breach-of-contract claim does not apply. *See, e.g.*, *Hegseth v. Am. Fam. Mut. Ins. Grp.*, 877 N.W.2d 191, 198 (Minn. 2016).

On September 10, 2021, Hiscox revoked the settlement agreement and alleged that the claim was "time barred" under the tolling agreement. A breach of contract is "a failure, without legal excuse, to perform any promise that forms the whole or part of the contract." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014). In the revocation email, Hiscox's counsel stated, "we have been authorized to offer the sum of $200,000.00 in full and final satisfaction of all claims [HOA] has or could have asserted against Hiscox." The district court determined that there was no genuine issue of material fact that Hiscox "failed to perform its obligation to pay [HOA] $500,000.00 under the parties' settlement agreement." This is supported by the record of the revocation email.

---

[2] We note that Hiscox does not challenge the district court's determination that the settlement agreement was unambiguous; therefore, it has forfeited any argument to the contrary on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Therefore, viewing the facts in the light most favorable to the nonmoving party, the district court's determination was not clearly erroneous.

***Impartial appraiser***

Hiscox contends that because HOA was required to select an impartial appraiser and failed to do so, the settlement agreement is unenforceable.[3]  Hiscox argues that HOA breached the appraisal provision in the policy when it hired an appraiser with an interest associated with HOA.  Hiscox asserts that HOA's selection of its appraiser amounts to a material breach, removing the requirement that it perform under the policy rendering the settlement agreement unenforceable.  While we agree that the policy required HOA to select an impartial appraiser, we need not decide this issue as Hiscox has failed to cite any legal authority supporting its argument that breach of this duty would invalidate the settlement agreement.[4]

***Equitable estoppel***

Hiscox argues that HOA should be equitably estopped from enforcing the settlement agreement because HOA failed to select an impartial appraiser.  We are not persuaded.

"[A] district court's conclusion on equitable estoppel after a bench trial is reviewed for abuse of discretion." *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011). Although a deferential standard of review is appropriate when a district court balanced the equities and determined not to award equitable relief, we review a district court's

---

[3] The term "impartial" is not defined by the policy.
[4] *See State Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed issue).

9

determination—in a summary-judgment proceeding—that equitable relief is not available as a matter of law de novo. *See SCI*, 795 N.W.2d at 860-61; *see e.g.*, *Herlache v. Rucks*, 990 N.W.2d 443, 450 n.4 (Minn. 2023) (noting that de novo review applies to district court's "equitable determinations . . . made as a matter of law on summary judgment"); *Melrose Gates, LLC v. Moua*, 875 N.W.2d 814, 822 (Minn. 2016) (concluding that deferential standard of review was not justified when district court "neither weighed equities, nor made its decision based on factual findings that it was uniquely well-suited to make," but rather decided equitable relief was not available as a matter of law).

The party seeking to invoke the doctrine of equitable estoppel has the burden to prove the following three elements: "(1) that promises or inducements were made; (2) that it reasonably relied upon the promises; and (3) that it will be harmed if estoppel is not applied." *Eide v. State Farm Mut. Auto. Ins. Co.*, 492 N.W.2d 549, 556 (Minn. App. 1992).[5]

Here, during a summary-judgment proceeding, the district court reviewed the parties' written submissions. One of HOA's summary-judgment arguments put forth to the district court was that Hiscox's estoppel claim failed as a matter of law. The district

---

[5] Hiscox's brief suggests that we must consider six elements of estoppel when a claimant intends to estop another from enforcing a contract. *See SN4, LLC v. Anchor Bank, FSB*, 848 N.W.2d 559, 569 (Minn. App. 2014) (determining that based on these circumstances, doctrine of equitable estoppel did not preclude application of statute of frauds to a land sale contract), *rev. denied* (Minn. Sept. 16, 2014). In *SN4*, the six-element test pertained to when the application of the statute of frauds would "protect, rather than prevent, a fraud," stating that in this context "equity require[d] that the doctrine of equitable estoppel be applied." *Id.* (quotation omitted). Because the statute of frauds does not apply to Hiscox's equitable estoppel claim, like in *SN4*, the three-element test in *Eide* controls.

court, in denying Hiscox's summary-judgment motion, noted that although it was "troubled by the [impartiality] allegations as set forth by [Hiscox,] . . . this [c]ourt concludes it does not rise to the level of equitably estopping [HOA] from enforcing the settlement agreement." The district court concluded that Hiscox "failed to demonstrate it is entitled to judgment as a matter of law" and denied Hiscox's summary-judgment motion. On this record, we are unable to discern the precise reasoning the district court applied in denying Hiscox's equitable estoppel claim, thereby obscuring the applicable standard of review. But we need not determine which standard of review—abuse of discretion or de novo—to apply, because Hiscox's equitable estoppel claim fails under both. Accordingly, we cannot conclude that the district court erred when it determined that Hiscox was not entitled to equitable relief, nor was the court's equitable estoppel determination an abuse of its discretion.

**Affirmed.**